UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES KING, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-00804-LCB-SGC ) |
| ALABAMA DEPARTMENT OF PROBATION AND PAROLES, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge entered a report on February 22, 2023, recommending the dismissal of this action without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 15). The plaintiff has filed objections to the report and recommendation. (Doc. 16).

The incident giving rise to the plaintiff's complaint was a search of the plaintiff's person and vehicle on January 3, 2018. (*See generally* Doc. 1). The plaintiff alleges the search violated his constitutional rights. (*See generally* Doc. 1). The magistrate judge determined the plaintiff's constitutional claim accrued no later than September 11, 2018, when the plaintiff filed a motion to suppress in the federal criminal proceedings to which the search gave rise, challenging the search on substantially the same grounds as presented in this action. (Doc. 15 at 8). This determination led to the conclusion the two-year statute of limitation applicable to

the constitutional claim had expired by the time the plaintiff commenced this action, which the magistrate judge construed as brought under 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), on June 23, 2022. (Doc. 15 at 8).

First, the plaintiff objects that the magistrate judge did not include in the recitation of facts that the plaintiff alleges the defendants' conduct violated not only the U.S. Constitution but also policies of the Alabama Board of Pardons and Paroles. (Doc. 16 at 2). This does not save the plaintiff's claim from dismissal as time-barred. Whether the plaintiff contends the defendants' conduct violated only the U.S. Constitution or both the U.S. Constitution and state policy, a § 1983 and/or *Bivens* claim based on the conduct is time-barred.

Second, the plaintiff objects to the magistrate judge's interpretation of this action as brought under § 1983 and/or *Bivens*. (Doc. 16 at 2-3). He asserts he did not bring this action under *Bivens* but, rather, only under § 1983. (Doc. 16 at 2-3). This does not save the plaintiff's claim from dismissal as time-barred, either. A claim brought under *Bivens* is subject to the same statute of limitations as a claim brought under § 1983. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

Third, the plaintiff objects to the magistrate judge's use of the motion to suppress filed in his federal criminal case to determine accrual of his § 1983 claim. He argues use of the motion may have been appropriate if he had filed a *Bivens* claim

but is not appropriate to determine accrual of a § 1983 claim. (Doc. 16 at 4-5). This court may take judicial notice of its own records. *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (citing *United States v. Rey*, 1453, 1457 n.5 (11th Cir. 1987)). There is nothing improper about taking judicial notice of a federal court record to determine the date on which a § 1983 claim against state actors accrues.

Fourth, and finally, the plaintiff argues his claims accrued on July 6, 2020, when the District Court of Jefferson County, Alabama, dismissed several state criminal charges against him. (Doc. 16 at 3-4).[1] He contends he could not have discovered his alleged constitutional injury or the identity of the persons who inflicted that injury until dismissal of the state charges. (Doc. 4). This argument is without merit. The plaintiff filed a motion to suppress in his federal criminal case on September 11, 2018, challenging the search at issue on substantially the same grounds as presented in this action and, thus, knew of his alleged constitutional injury before the Jefferson County District Court dismissed the state charges against him on July 6, 2020. Moreover, the state charges the plaintiff references were dismissed on July 6, 2020, because the plaintiff had been convicted in, and/or had his sentence enhanced by, this district court based on the same conduct underlying the state charges. *See State of Alabama v. King Charles*, 01-DC-2018-000041.00 at

---

[1] The plaintiff asserts the statute of limitations should have been "tolled from" July 6, 2020, but it is clear he means his claims accrued on July 6, 2020.

Doc. 81; *State of Alabama v. King Charles*, 01-DC-2018-000182.00 at Doc. 72; *State of Alabama v. King Charles*, 01-DC-003434.00 and Doc. 54; *United States v. Charles King, III*, 18-cr-00317 (N.D. Ala. filed June 27, 2018) at Doc. 90.[2] Dismissal of the state charges had nothing to do with the search at issue.

After careful consideration of the record in this case, including the magistrate judge's report and the plaintiff's objections, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A final judgment will be entered.

**DONE** and **ORDERED** March 24, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[2] The state court docket incorrectly identifies Charles King, III, and "King Charles."